IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Willie Mae Curtis, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Carolyn W. Colvin, )<br>Acting Commissioner of Social Security, )<br>)<br>Defendant. )<br>) | Civil Action No. 4:13-3393-BHH<br><br><br>ORDER |

This matter is before the court on Plaintiff's motion for attorney's fees (ECF No. 29.) Plaintiff initiated this action on December 4, 2013, pursuant to § 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to obtain judicial review of the final administrative determination of the Commissioner of Social Security denying Plaintiff's claim for Social Security Supplemental Security Income pursuant to Title XVI of the Social Security Act. Upon receipt of the transcript of the administrative proceedings, counsel for Plaintiff submitted a brief on his behalf on June 30, 2014. (ECF No. 21.)  On August 11, 2014, Defendant filed a Motion to Remand.  (ECF No. 24.)  On August 21, 2014, the court granted Defendant's motion to remand (ECF No. 26), and judgment was entered reversing the decision of the Commissioner pursuant to sentence four of 42 USC § 405(g) for further proceedings.  (ECF No. 27.)

In his Motion for EAJA Fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("the EAJA"), Plaintiff requests an award of $3,043.26 in attorney's fees because he was the "prevailing party" and he claims that the position taken by the United States in this action was not substantially justified. (ECF No. 29 at 1).  Defendant

filed a response stating that the Commissioner does not object to Plaintiff's request for attorney's fees. (ECF No. 30.)

The EAJA provides attorney's fees in actions where the government's position is not substantially justified. The substantial justification test is one of reasonableness in law and fact. *See Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed2d 490 (1988). The district court has broad discretion to set the attorney fee amount. "[A] district court will always retain substantial discretion in fixing the amount of an EAJA award. Exorbitant, unfounded, or procedurally defective fee applications . . . are matters that the district court can recognize." *Hyatt v. North Carolina Dep't of Human Res*, 315 F.3d 239, 254 (4th Cir. 2002) (*citing Comm'r v. Jean*, 496 U.S. 154, 163 (1990)). Moreover, the court should not only consider the "position taken by the United States in the civil action," but also the "action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D), as amended by P.L. 99-80, § 2(c)(2)(B). Upon consideration of this appeal and the confession of the defendant, this standard is found satisfied.

Accordingly, the court grants the motion, and directs the Commissioner to pay Plaintiff $3,043.26 in attorney's fees. Such payment shall constitute a complete release from and bar to any and all further claims that Plaintiff may have under the EAJA to fees, costs, and expenses incurred in connection with disputing the Commissioner's decision. This award is without prejudice to the rights of Plaintiff's counsel to seek attorney fees under section 206(b) of the Social Security Act, 42 U.S.C. § 406(b), subject to offset under the Treasury Offset Program. *See* 31 U.S.C. § 3716(c)(3)(B)(2006). The Court directs that the Commissioner make the check

payable to Plaintiff's counsel pursuant to the assignment of the same by the plaintiff and the agreement of the parties.[1]

  IT IS SO ORDERED.

                /s/ Bruce Howe Hendricks
                United States District Judge

October 1, 2014
Greenville, South Carolina.

---

[1] Otherwise, fees must normally be paid to plaintiff. In *Astrue v. Ratliff*, the Supreme Court held that the EAJA requires attorneys' fees be awarded directly to the litigant. 560 U.S. 586, 130 S. Ct. 2521 (2010) (holding that the plain text of the EAJA requires that attorneys' fees be awarded to the litigant, thus subjecting EAJA fees to offset of any pre-existing federal debts); see also *Stephens v. Astrue*, 565 F.3d 131, 139 (4th Cir. 2009) (same). Neither *Ratliff* nor *Stephens* addresses whether claimants may assign EAJA fees to their attorneys via contract. However, the court is concerned that such contracts would constitute an endrun around the plain text of the EAJA as interpreted in both cases. *Cf. Brown v. Astrue*, 271 Fed. Appx. 741, 743 (10th Cir. 2008) (stating, in *dicta*, that claimant's "assignment of his right in the fees award to counsel does not overcome the clear EAJA mandate that the award is to him as the prevailing party . . . ."); *Washington v. Astrue*, 2010 WL 3023028, slip op. at *5 (D.S.C. July 29, 2010) (holding that EAJA fees are payable to plaintiff even where plaintiff has attached an affidavit assigning his rights in the fees award to counsel) (citing *Hall v. Astrue*, 2008 WL 905218, at *1 (10th Cir. 2008)).